IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK MUHAMMAD | : | CIVIL ACTION |
| v. | : | |
| PHILADELPHIA HOUSING AUTHORITY, et al. | : | NO. 12-1393 |

FILED
APR 2 4 2012
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM

BAYLSON, J.                              APRIL 24, 2012

Malik Muhammad brought this pro se civil rights action pursuant to 42 U.S.C. § 1983, against the Philadelphia Housing Authority, Trina Ballard, Susanna Randazzo, Judge Dawn Segal, and the City of Philadelphia. In a March 21, 2012 Order, the Court granted plaintiff leave to proceed in forma pauperis, dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure 8 because the factual basis for his claims against each defendant was unclear, and granted him leave to file an amended complaint. Plaintiff filed an amended complaint that does not clarify his claims, but instead attempts to resurrect his original complaint with the addition of a short supplement. For the following reasons, the Court will dismiss plaintiff's amended complaint and provide him one more opportunity to amend.

I.   FACTS

As noted in this Court's March 21, 2012 order, it appears that plaintiff is asserting constitutional claims pursuant to 42 U.S.C. § 1983 based on the fact that he was convicted in Philadelphia Municipal Court for terroristic threats after an altercation he had with defendant Ballard. He also appears to be

1

asserting a state law claim for malicious prosecution. As a result of the conviction, the Judge presiding over the case, presumably defendant Judge Dawn Segal, ordered plaintiff's immediate eviction from his home, which allegedly effected a breach of a contract that plaintiff had with the Philadelphia Housing Authority.

At least part of the complaint is premised on plaintiff's belief that the state court should have held a competency hearing because he suffers from a "mental disorder, resulting in a diminish[ed] capacity effecting his ability to comprehend and speak accurately[.]" (Compl. ¶ 4.) He also claims that the defendants "created their own criminal tribunal in the nature of a Court of inquiry." (Compl. ¶ 5.) In his amended complaint, which is really a supplement to his original complaint, he adds that he was deprived of due process and the right to confront his accuser in the criminal proceeding.

Neither the complaint nor the amended complaint suggests that plaintiff's conviction has been vacated or otherwise invalidated. Furthermore, plaintiff does not explain the role that each of the named defendants played in allegedly violating his rights. Instead, he generally lists the alleged problems with his criminal prosecution. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to

dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

The Court may also dismiss a complaint that fails to satisfy Federal Rule of Civil Procedure 8(a), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See Tillio v. H&R Block, Inc., 445 F. App'x 604, 604-05 (3d Cir. 2011) (per curiam). A complaint fails to satisfy Rule 8 if it offers only "labels and conclusions" without "further factual enhancement." Iqbal, 556 U.S. at 677-78.

### III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus[.]"  Heck v. Humphrey, 512 U.S. 477, 486 (1994)  (footnote and citation omitted). Plaintiff's § 1983 claims all appear to be premised on alleged constitutional deficiencies in the criminal proceeding against him, which, if proven, would necessarily undermine the validity of his conviction.  However, there is no indication from the complaint or amended complaint that plaintiff's conviction for terroristic threats has been invalidated.  Accordingly, the Court will dismiss his § 1983 claims because they are not cognizable.[1]

Plaintiff also appears to be asserting a malicious prosecution claim under state law.  However, because the criminal proceedings terminated against him, plaintiff cannot succeed on that claim.  See Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988) (to succeed on a malicious prosecution claim, a plaintiff must establish that the defendant "instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff"). Accordingly, the Court will dismiss it.

Plaintiff's claims fail for other reasons.  As the pleadings imply that Judge Segal presided over plaintiff's criminal proceeding and that plaintiff's claims are based on acts that the judge took in that capacity, Judge Segal is entitled to absolute

---

[1] The Court cannot discern any basis for Plaintiff's § 1983 claims other than those premised on his allegedly unconstitutional conviction.

immunity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."); Langella v. Cercone, 34 A.3d 835, 838 (Pa. Super. Ct. 2011) ("[J]udges are absolutely immune from liability for damages when performing judicial acts . . . .") (quotations omitted and alteration in original). Furthermore, Susanna Randazzo, identified only as a lawyer who played some role in the criminal proceedings, and Trina Ballard, the apparent victim of plaintiff's crime, are not liable under § 1983 because they are not state actors.[2] See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Additionally, plaintiff has not described a basis for the City's liability under § 1983, see Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978), nor has he clearly described any basis for the Philadelphia Housing Authority's liability.

---

[2] If Randazzo was the prosecutor in plaintiff's case - which is not at all clear - she would be entitled to absolute immunity because plaintiff's claims appear to be based on acts she took in her official capacity during judicial proceedings. See Imbler v. Pactman, 424 U.S. 409, 430 (1976); Durham v. McElynn, 772 A.2d 68, 69-70 (Pa. 2001).

5

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff will be given one more opportunity to file an amended complaint. Plaintiff is reminded that he must articulate the factual basis for any claims that he intends to pursue and describe the acts or failures to act that render each defendant liable to him for damages.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's amended complaint is dismissed without prejudice to his filing a second amended complaint. An appropriate order follows.