**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**MALIK MUHAMMAD**                    JUN 2 0 2012        **CIVIL ACTION**

v.                          MICHAEL E. KUNZ, Clerk
                                    By_____Dep. Clerk
**PHILADELPHIA HOUSING AUTHORITY,**       :    **NO. 12-1393**
**et al**.                                     :

**MEMORANDUM**

**BAYLSON, J.**                                         *June 20*, **2012**

Currently before the Court is plaintiff Malik Muhammad's
second amended complaint. For the following reasons, the Court
will dismiss the second amended complaint with prejudice pursuant
to 28 U.S.C. § 1915(e)(2)(B).

**I.    FACTS**

Malik Muhammad brought this pro se civil rights action
pursuant to 42 U.S.C. § 1983, against the Philadelphia Housing
Authority, Trina Ballard, Susanna Randazzo, Judge Dawn Segal, and
the City of Philadelphia. The complaint appeared to assert
constitutional violations stemming from proceedings in
Philadelphia Municipal Court that led to plaintiff's conviction
for terroristic threats and eviction from his home. In a March
21, 2012 Order, the Court granted plaintiff leave to proceed in
forma pauperis, dismissed plaintiff's complaint pursuant to
Federal Rule of Civil Procedure 8 because the factual basis for
his claims was unclear, and granted him leave to file an amended
complaint. On April 16, 2012, plaintiff filed an amended
complaint, which was really a supplement to his original
complaint with the addition of a short paragraph, indicating that

1

his claims were predicated on an allegedly unconstitutional conviction. (See Am. Compl. at 1 ("The defendants concertedly found Plaintiff guilty of terroristic threats Title 18 Pa. Crim. Code section 2706, and penalized plaintiff indefinately [sic], without due process of the law . . . .").)

In an April 24, 2012 Memorandum and Order, the Court dismissed plaintiff's amended complaint because (1) pursuant to Heck v. Humphrey, 512 U.S. 477, 486 (1994), plaintiff's § 1983 claims were not cognizable because they appeared to be premised on the unconstitutionality of a conviction that had not been reversed, vacated, or otherwise invalidated; (2) any state law malicious prosecution claims failed because the proceedings terminated against plaintiff; (3) any claims against Judge Segal were barred by absolute judicial immunity; (4) any claims against Susanna Randazzo, a lawyer involved in the proceedings, and Trina Ballard, the apparent victim of plaintiff's crime, failed because they are not state actors; (5) plaintiff failed to state a claim against the City under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978); and (6) there was no clear factual basis for the Philadelphia Housing Authority's liability. The dismissal was without prejudice to plaintiff's ability to file a second amended complaint, which he did.

Plaintiff's second amended complaint and attached memorandum of law do not further clarify the factual basis for his claims. Instead, the pleading predominately relies on the initial complaint with the addition of a conspiracy claim based on

2

plaintiff's assertion that "[t]he defendant Judge Segal, conspired with Randazzo, Ballard and the City of Philadelphia to conduct an improper criminal tribunal . . . against plaintiff, resulting in an undocketed conviction of terroristic threats and punishment!" (Second Am. Compl. at 1, ¶ 1.) Furthermore, the filing reflects plaintiff's disagreement with the Court's dismissal of his amended complaint. He contends that Heck does not apply here because "there is no record of a criminal conviction to appeal [because] the Court Segal, conspiracy with the state actors, created and conducted its own criminal tribunal, in violation of Article 1 section 15 of the Pa. Const. Supra; thus plaintiff can sue directly without an appeal pursuant to section 1983!." (Id. at 2, ¶ 1.)

## II. STANDARD OF REVIEW

As explained in the April 24, 2012 Memorandum, 28 U.S.C. § 1915(e)(2)(B) applies here because plaintiff is proceeding in forma pauperis. That provision requires the Court to dismiss the second amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556

3

U.S. 662, 678 (2009) (quotations omitted).

## III. DISCUSSION

If plaintiff's claims are, in fact, based on criminal proceedings that resulted in an allegedly unconstitutional conviction for terroristic threats, then the second amended complaint is dismissed for the reasons stated in the Court's April 24, 2012 Memorandum. However, the Court will consider the possibility that plaintiff's claims are instead premised on eviction proceedings given his representation that "there is no record of a criminal conviction to appeal" and the indication in his initial complaint that the proceedings resulted in his eviction as well as "a breach of contract that [he] made with the Philadelphia Housing Authority."[1] (Compl. ¶ 4.) In that regard, plaintiff appears to be challenging the constitutionality of the proceedings because he was not afforded a competency hearing, he was denied the right to confront his accusers, and because he believes that the defendants conspired against him to deny him due process.

To the extent plaintiff is seeking review of the state court judgment issued against him, his claims are barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165-69 (3d Cir. 2010); see also Johnson v. Phila. Hous. Auth., 448 F. App'x 190, 192 (3d Cir.

---

[1]In that case, plaintiff is correct that Heck would not apply because he is not challenging the constitutionality of a criminal conviction.

4

2011) (per curiam). To the extent that plaintiff's claims are
not barred by Rooker-Feldman, they fail for other reasons.

Even if Judge Segal did not afford plaintiff a competency
hearing or an opportunity to confront his accuser, or otherwise
denied plaintiff process he believes he was due as a result of
the way in which she conducted the proceeding, the judge is
entitled to absolute immunity for acts taken in her judicial
capacity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768
(3d Cir. 2000). Accordingly, the claims against her must be
dismissed. Furthermore, despite being given two opportunities to
amend his complaint, plaintiff has failed to explain how the
remaining defendants deprived him of any constitutional right.
Although he provides conclusory assertions that the defendants
conspired to deny him due process, he has not articulated any
facts supporting that conclusion.[2] See Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (to state a claim, a complaint
must do more than recite "labels and conclusions"); Great W.
Mining & Mineral Co., 615 F.3d at 178 ("[T]o properly plead an
unconstitutional conspiracy, a plaintiff must assert facts from
which a conspiratorial agreement can be inferred."). Likewise,

---

[2]Indeed, as noted in the April 24, 2012 Memorandum, it does
not even appear that defendants Ballard and Randazzo are state
actors such that they are subject to liability under § 1983. See
Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("[M]erely resorting to
the courts and being on the winning side of a lawsuit does not
make a party a co-conspirator or a joint actor with the judge.");
Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995)
("[A] suit under § 1983 requires the wrongdoers to have violated
federal rights of the plaintiff, and that they did so while
acting under color of state law.").

5

plaintiff's new assertion that the City "routinely permits its judges to subtlely sabotage the adversarial process" (Second Am. Compl. at 2, ¶ 2 (footnote omitted)), constitutes nothing more than a bald allegation that is insufficient to support a claim. Additionally, the Court finds it difficult to understand plaintiff's contention that the defendants "conduct[ed] an improper criminal tribunal" if he was never actually convicted of a crime.  (Id. at 1, ¶ 1.)

In sum, after a review of all of plaintiff's pleadings and after consideration of two possible theories underlying those pleadings, the Court cannot discern any legitimate basis for a claim.  Plaintiff will not be provided leave to amend because the Court concludes that further attempts at amendment would be futile.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's second amended complaint is dismissed with prejudice.  An appropriate order follows.